FILED

2018 JUL 17 PM 2:29

U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | I N D I C T M E N T |
| ) | |
| Plaintiff, ) | JUDGE GAUGHAN |
| ) | |
| v. ) | CASE NO. 5:18 CR 391 |
| ) | Title 26, Section 7202, United |
| RICHARD SPENCER, ) | States Code |
| ) | |
| Defendant. ) | |

The Grand Jury charges:

## GENERAL AND FACTUAL ALLEGATIONS

At all times material to this Indictment, except where otherwise noted:

1. Defendant RICHARD SPENCER resided in the Northern District of Ohio, Eastern Division.

2. Beginning in or around 2008, Defendant owned and controlled RS Sewing, an American flag manufacturer. Defendant oversaw production, sourced materials and prepared paperwork on behalf of RS Sewing. SPENCER was responsible for the corporation's financial operations, including its payroll and employment tax obligations.

3. Under the applicable internal revenue laws, an employer was required, on a quarterly basis, to collect, account for, and pay over to the Internal Revenue Service (IRS) income taxes and Federal Insurance Contributions Act (FICA) taxes (i.e., Social Security and Medicare), which the employer was required to withhold from the taxable wages of its employees. The employer was also separately liable for FICA excise taxes, which is a matching

amount of FICA taxes of those withheld from the employee. The withheld FICA taxes ("employees' share"), the FICA excise taxes ("employer's share"), and the withheld income taxes are jointly referred to as federal employment taxes.

4. An employer was required to report these federal employment taxes quarterly on an Employer's Quarterly Federal Income Tax Return, Form 941, setting forth the total amount of wages other compensation subject to withholding, the total amount of income tax withheld, the total amount of Social Security and Medicare taxes due, and total tax deposits. For each calendar quarter, the Form 941 was due to be filed with the IRS, and the federal employment taxes were due to be paid in full to the IRS, by the last day of the month following the end of the calendar quarter.

5. In or around 2008, Defendant reclassified some workers from employees to independent contractors.

6. In or around 2011, RS Sewing was examined for employment tax non-compliance in tax years 2007-2010. During that audit for tax years 2007-2010, the revenue agent determined that SPENCER had improperly treated employees as 1099 contractors, failed to file Forms 941, and failed to remit employment taxes. The audit resulted in the Trust Fund Recovery Penalty being assessed against SPENCER.

7. After the 2011 audit, SPENCER continued to misclassify employees as independent contractors. Additionally, SPENCER continued to fail to file Forms 941 and failed to remit employment taxes.

8. SPENCER classified some workers as employees while classifying others as independent contractors to avoid paying employment taxes.

9. All RS Sewing workers were required to clock in and out and were paid wages by the hour. RS Sewing provided all the material and equipment to make the American flags for all

workers, including those classified as employees and independent contractors. The floor manager treated all workers the same and did not know that some were being paid as independent contractors while others were being paid as employees.

10. M.H., an employee of RS Sewing, prepared Forms 941 for the business. M.H. gave the prepared Forms 941 to SPENCER to sign and file with the IRS.

11. SPENCER failed to file the prepared Forms 941 with the IRS.

12. RS Sewing withheld federal income tax, Social Security tax, and Medicare taxes from its workers that were classified as W-2 employees. However, RS Sewing never made any payments of these tax withholdings to the IRS.

## COUNTS 1-15
(Failure to Account for, Collect, and Pay Over Employment Taxes, 26 U.S.C. § 7202)

The Grand Jury further charges:

13. The factual allegations in paragraphs 1 through 12 are re-alleged and incorporated by reference as if fully set forth herein.

14. At all times relevant to this Indictment, Defendant RICHARD SPENCER, was the owner of RS Sewing with its principal place of business in the Northern District of Ohio, Eastern Division. Defendant was responsible for the corporation's financial operations, including its payroll and federal employment tax obligations. SPENCER also exercised control over every aspect of the corporation's business affairs, including approving all payments by the company and controlling all of the corporation's bank accounts.

15. Under the applicable internal revenue laws, SPENCER, as owner of RS Sewing, was responsible for and on behalf of the corporation, to collect, to report, and pay to the IRS, income taxes and FICA taxes (also known as Social Security and Medicare taxes) due and owing with respect to the taxable wages of the employees. SPENCER was required to report federal

3

employment tax obligations, on an Employer's Quarterly Federal Tax Return, Form 941. For each calendar quarter, the Form 941 was due to be filed with the IRS and the employment taxes were due to be paid in full to the IRS by the last day of the month following the end of the calendar quarter.

16. Throughout the calendar years 2012 through 2015, SPENCER failed to withhold income taxes and FICA taxes from workers that he knowingly and willfully misclassified as independent contractors. During this same period, SPENCER withheld income taxes and FICA taxes from workers that he classified as employees. However, SPENCER never paid these tax withholdings over to the IRS. For this same period, SPENCER failed to file quarterly employment tax returns (Forms 941) with the IRS. Each Form 941 was due to be filed at the end of the month following the end of each calendar quarter. For example, the Form 941 for second quarter of 2012 was due on or before July 31, 2012, since the second calendar quarter ended on June 30, 2012.

17. Altogether, during the fifteen calendar quarters alleged in Counts 1-15 of this Indictment, SPENCER willfully failed to collect, account for, and pay over approximately $162,728.94 of federal employment taxes.

18. For the years listed below, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendant, did willfully fail to collect, account for, and pay over to the Internal Revenue Service, federal income taxes and Federal Insurance Contributions Act ("FICA") taxes due and owing to the United States of America with respect to wages paid to the employees of SPENCER's corporation, RS Sewing, in the approximate amounts listed below, for each of the following quarters, with each calendar quarter constituting a separate count of this Indictment:

| Count | Quarter Ending | Due Date | Employee's Portion of FICA Tax | Federal Income Tax Withholding |
|---|---|---|---|---|
| 1 | 06/30/2012 | 07/31/2012 | $ 2,747.22 | $ 3,186.00 |
| 2 | 09/30/2012 | 10/31/2012 | $ 3,050.23 | $ 3,375.00 |
| 3 | 12/31/2012 | 01/31/2013 | $ 3,323.49 | $ 4,128.00 |
| 4 | 03/31/2013 | 04/30/2013 | $ 4,689.59 | $ 5,640.00 |
| 5 | 06/30/2013 | 07/31/2013 | $ 4,669.01 | $ 6,169.00 |
| 6 | 09/30/2013 | 10/31/2013 | $ 4,304.01 | $ 5,582.00 |
| 7 | 12/31/2013 | 01/31/2014 | $ 4,720.03 | $ 6,193.00 |
| 8 | 03/31/2014 | 04/30/2014 | $ 5,315.70 | $ 8,781.50 |
| 9 | 06/30/2014 | 07/31/2014 | $ 5,315.70 | $ 8,781.50 |
| 10 | 09/30/2014 | 10/31/2014 | $ 5,315.70 | $ 8,781.50 |
| 11 | 12/31/2014 | 01/31/2015 | $ 5,315.70 | $ 8,781.50 |
| 12 | 03/31/2015 | 04/30/2015 | $ 4,950.64 | $ 6,190.25 |
| 13 | 06/30/2015 | 07/31/2015 | $ 4,950.64 | $ 6,190.25 |
| 14 | 09/30/2015 | 10/31/2015 | $ 4,950.64 | $ 6,190.25 |
| 15 | 12/31/2015 | 01/31/2016 | $ 4,950.64 | $ 6,190.25 |
| | | Totals | $ 68,568.94 | $ 94,160.00 |
| | | **Total Tax Loss:** | **$162,728.94** | |

All in violation of Title 26, United States Code, Section 7202.

A TRUE BILL.

Original document - Signatures on file with the Clerk of Courts, pursuant to the E-Government Act of 2002.